UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELIO J. LEAL DE LA HOZ, | ) |
| | ) CASE NO. C18-268MJP |
| Plaintiff, | ) |
| | ) ORDER DIRECTING PLAINTIFF TO |
| v. | ) AMEND COMPLAINT |
| | ) |
| HUSH COMMUNICATIONS CANADA, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

*Pro Se* Plaintiff Helio J. Leal de La Hoz, a Seattle resident, re-filed his Complaint on February 23, 2018. Dkt. #5.[1] Summons has not yet been issued.

Plaintiff's claims relate to his "hushmail" email account with Defendant Hush Communications Canada, Inc. Plaintiff appears to make claims of theft and fraud arising from Defendant's October 23, 2016, disabling of Plaintiff's account "because they had received a large number of complaints denouncing [his] messages as spam." Id. Plaintiff alleges he has lost access to important documents and "intellectual Property, whose value I estimate in trillions of dollars." *Id.* Plaintiff also seeks as damages compensation for Plaintiff's "adrenaline poisoning," and to be compensated for his time "litigating this evidence-based claim," time which Plaintiff calculates at over 10,000 hours. *Id.* Plaintiff seeks total damages in "the trillions of dollars." Id.

---

[1] Plaintiff filed a nearly identical complaint a few months ago. *See* C17-1465RSM. That matter was dismissed when Plaintiff failed to timely respond to an order to amend that complaint. Id. at Dkt. No. 7. This new pleading represents Plaintiff's attempt to successfully amend his complaint.

ORDER
PAGE - 1

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff bases federal jurisdiction on diversity, citing Defendant's residence as "either Vancouver, Canada or another state, Delaware, or both." Dkt. #5 at 2. However, despite repeated efforts at crafting a sufficient pleading, Plaintiff continues to fail to present credible evidence that the damages at issue in this case exceed the statutory requirement of $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's valuation of his email account and the information therein at "trillions of dollars," continues to be facially frivolous. He alleges that his valuation of "over one trillion dollars" is a "conservative estimate, not only to me but to humanity at large. These latter claims I can demonstrate during discovery." Id. Instead of presenting proof of the value of his claim, Plaintiff "asks the court to take the Plaintiff's word in good faith at this point in order to protect the Plaintiff's intellectual property, given the Plaintiff's right to privacy." Id.

This will not suffice. The Federal Rules of Civil Procedure require a plaintiff to state, plainly and clearly, the grounds for believing that a dispute should be heard in federal court. This

ORDER
PAGE - 2

includes articulating a credible basis for the value of a claim.  So far, Plaintiff has failed to do that.

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **no later than thirty (30) days from the date of this Order**.  In the Amended Complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is a legal basis for his claims.  Plaintiff shall identify what law or laws he believes Defendant has violated through its alleged conduct.  Finally, Plaintiff must plead specific facts demonstrating that the damages at issue exceed $75,000.  His "estimate" will not suffice, nor will his promise to "demonstrate [the value] during discovery."

The Clerk shall send a copy of this Order to Mr. Leal de La Hoz at 77 S. Washington St., Seattle, WA 98104.

DATED this _27th__ day of February, 2018.

Marsha J. Pechman
United States District Judge

ORDER
PAGE - 3